Filed 6/9/23 P. v. Jeffries CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092875 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F01615) |
| v. | |
| ANDREW JEFFRIES, | |
| Defendant and Appellant. | |

Defendant Andrew Jeffries appeals from denial of his postconviction petition for relief under Penal Code section 1172.6.[1] Counsel for defendant filed a brief seeking our independent review under *People v. Wende* (1979) 25 Cal.3d 436 to determine whether

---

[1] Further undesignated statutory references are to the Penal Code.

Defendant filed his petition under section 1170.95. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 with no change in the text. (Stats. 2022, ch. 58, § 10.) We will refer to the statute by its current number.

there are any arguable issues on appeal. Defendant also filed a supplemental brief in propria persona. Disagreeing with defendant's claims of error, we will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

We need not repeat the detailed recitation of the facts in our unpublished opinion on defendant's direct appeal. (*People v. Haven* (Aug. 28, 2019, C074940) [nonpub. opn.].) Suffice it to say that in the early hours of March 28, 2012, defendant and his codefendant Robert Haven lured the victim to a remote area under the pretense that together they were going to steal a car, and then shot and killed the victim. (*Ibid.*) A jury found defendant guilty of first degree murder with the special circumstance of lying in wait. (§§ 187, subd. (a), 190.2, subd. (a)(15).) The jury found not true the allegation that defendant personally used a firearm (§ 12022.53, subd. (d)), but further found defendant guilty of possession of a firearm by a felon (§ 29800, subd. (a)(1)), domestic violence (§ 273.5, subd. (a)), possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), and falsifying a document (§ 134). The trial court sentenced defendant to an indeterminate term of life in prison without the possibility of parole on the murder count, plus a consecutive determinate term of seven years on the remaining counts. (*People v. Haven*, C074940, *supra*.)

In December 2019, defendant filed a form petition seeking resentencing under section 1172.6. He checked boxes on the form declaring that he was convicted of murder under the felony-murder rule or the natural and probable consequences doctrine and could not now be convicted of murder under the changes made to sections 188 or 189, effective January 1, 2019, because he was not the actual killer, did not act with intent to kill, and was not a major participant in the crime acting with reckless indifference to human life. Defendant also stated: "I have new evidence to provide 100% factual proof I had no involvement in this murder. I have filed all this evidence in Dept #41 of the Superior Court in my writ of habeas corpus. Everything is factual."

The trial court appointed counsel to represent defendant on his petition.

2

The People's response to the petition argued that defendant was not eligible for relief because the jury was not instructed on felony murder or the natural and probable consequences doctrine. Further, the People contended defendant was unable to show that he could not be convicted under the newly amended sections 188 and 189, because the jury found true the lying-in-wait special circumstance, which necessarily established that defendant was the actual killer or committed murder while acting with intent to kill.

The trial court found defendant's petition failed to make a prima facie showing for relief under section 1172.6. The court explained that defendant's jury was not instructed on the felony murder rule or the natural and probable consequences doctrine but was instructed on aider and abettor liability. Noting that the jury did not find that defendant *or* Haven personally discharged a firearm (§ 12022.53, subd. (d)), the court concluded jurors were unable to determine which of the two men fired the fatal shot. Nonetheless, the guilty verdicts established that defendant was either the actual killer or aided and abetted Haven, and either way defendant could still have been convicted under the amendments to sections 188 and 189.

Defendant filed a timely notice of appeal.

We appointed counsel to represent defendant on appeal. Counsel filed a brief pursuant to *Wende* requesting that we independently review the entire record and stated defendant had been advised of the right to file a supplemental brief to raise any issues he believed deserved review. We dismissed the appeal as abandoned, and our Supreme Court granted defendant's petition for review and deferred the matter pending the high court's decision in *People v. Delgadillo* (2022) 14 Cal.5th 216. After deciding that case, the high court transferred this case back to this court, with directions to vacate our order dismissing the appeal and reconsider whether to exercise our discretion to conduct an independent review or provide any other relief under *Delgadillo*.

3

We vacated our order dismissing the appeal, and informed defendant by letter that appellate counsel had filed a no-issue brief under *Wende* but that because this case arose from an order denying postconviction relief, he was not constitutionally entitled to counsel or independent review of the record. We notified defendant that, under *Delgadillo*, he had 30 days to file a supplemental brief or letter raising any issue he wished us to consider. We advised that if we did not receive a supplemental letter or brief, the appeal may be dismissed as abandoned. Defendant timely filed a supplemental brief in propria persona.

DISCUSSION

Under *Delgadillo*, we must "evaluate the specific arguments presented in [defendant's supplemental brief]," but we are not compelled to undertake an "independent review of the entire record to identify unraised issues." (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)

Defendant raises three issues. First, he argues that where a jury cannot determine which codefendant was the actual killer and which the aider and abettor, it is unlawful to convict one of the defendants for aiding and abetting murder unless the jury was instructed on the natural and probable consequences doctrine. Second, he argues that, since the jury was not instructed on the natural and probable consequences doctrine, the jury was improperly instructed with CALCRIM No. 416 on conspiracy in its place, which was insufficient. Third, defendant asserts that he was improperly denied the opportunity to present new evidence at the prima facie stage of his petition, referring to evidence he claims was not presented at trial but was submitted in a habeas petition to the superior court. We address each of these issues in turn.

The first issue defendant raises is irrelevant to section 1172.6, which provides a path to resentencing for defendants convicted of murder by application of the natural and probable consequences doctrine or felony murder rule. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 952.) Defendant does not argue that he was convicted under either

4

doctrine. Rather, he concedes in his supplemental brief that the jury at his trial was not instructed on the natural and probable consequences doctrine. Had the jury been so instructed, defendant would have a basis to claim that the trial court erred in denying his petition at the prima facie stage. (See *People v. Gentile* (2020) 10 Cal.5th 830, 859; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055-1056.) In any event, *People v. Culuko* (2000) 78 Cal.App.4th 307, on which defendant relies, does not, as defendant asserts, stand for the proposition that an instruction on the natural and probable doctrine is required for a murder conviction when the jury cannot determine who is the perpetrator. *Culuko* concerns the established principle that jurors need not determine which defendant is the perpetrator and which is the aider and abettor in order to find both guilty of murder. (See *Culuko,* at p. 323; see also *People v. McCoy* (2001) 25 Cal.4th 1111, 1120 ["The aider and abettor doctrine merely makes aiders and abettors liable for their accomplices' actions as well as their own. It obviates the necessity to decide who was the aider and abettor and who the direct perpetrator or to what extent each played which role"].) This principle applies to direct aiding and abetting liability, a theory that continues to be valid after the amendments to sections 188 and 189. (See *People v. Williams* (2022) 86 Cal.App.5th 1244, 1252 [citing *McCoy*].)

Defendant's second claim is that CALCRIM No. 416 (Evidence of Uncharged Conspiracy) was insufficient to replace the natural and probable consequences instruction that defendant incorrectly claims was required to convict him of murder. While this issue is also irrelevant to the requirements of section 1172.6, it touches on whether CALCRIM No. 416 is equivalent to an instruction on aiding and abetting under the natural and probable consequences doctrine. It is not. CALCRIM No. 416 as given required the jury to find that "the defendant intended to agree and did agree with one or more of the other defendants to commit murder" and "that the defendant and one or more of the other alleged members of the conspiracy intended that one or more of them would commit murder." (See *People v. Medrano* (2021) 68 Cal.App.5th 177, 185 [to prove conspiracy

5

to commit an offense, the prosecution must show that the conspirators intended " 'to commit the elements of that offense' "].) Significantly, the trial court did not give CALCRIM No. 417 (Liability for Coconspirators' Acts), which would have implicated the natural and probable consequences doctrine by instructing the jury that a member of the conspiracy to commit one crime can also be found guilty of another crime if it "is a natural and probable consequence of the common plan or design of the conspiracy." (See *People v. Farfan, supra*, 71 Cal.App.5th at pp. 956-957 [observing the claim of error in denying petition a prima stage where the jury was instructed with CALCRIM No. 417 "might have merit" but for other findings made by the jury.)

Finally, we reject defendant's claim that the trial court erred in prohibiting him from presenting new evidence in support of his petition at the prima facie stage. At the prima facie stage, the trial court does not evaluate evidence. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815.) Rather, "true factfinding should be reserved and exercised only after an order to show cause is issued and the parties are permitted to supplement the record with new evidence, including, if requested, through an evidentiary hearing." (*Ibid.*) We note the California Supreme Court in *People v. Lewis* (2021) 11 Cal.5th 952, assumed that petitioners may not present new evidence at the prima facie stage. (*Id.* at p. 974, fn. 7.) Further, although Section 1172.6, subdivision (d)(3) provides that, at the evidentiary hearing on the petition, "[t]he prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens," no similar provision appears in section 1172.6, subdivision (c), which discusses the prima facie determination.

No error appears in the trial court's determinations and ruling.

## DISPOSITION

The trial court's order denying defendant's petition for resentencing under section 1172.6 is affirmed.

                                                         /s/
                                                         Duarte, J.

We concur:

/s/
Hull, Acting P. J.

/s/
Earl, J.